**2015 UT App 178**

# THE UTAH COURT OF APPEALS

AARON DAVID TRENT NEEDHAM,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20150315-CA
Filed July 23, 2015

Fifth District Court, St. George Department
The Honorable John J. Walton
No. 140500466

Aaron David Trent Needham, Appellant Pro Se

Before JUDGES STEPHEN L. ROTH, JOHN A. PEARCE, and
KATE A. TOOMEY.

PER CURIAM:

¶1     Aaron David Trent Needham appeals the February 6, 2015 Ruling Dismissing Action for Failure to Effect Service of Process. This case is before the court on a sua sponte motion for summary disposition. We affirm the district court's dismissal of Needham's Amended Complaint. Accordingly, we deny his motion for change of venue and his request for remand of the case to the district court for further proceedings as moot.

¶2     This appeal is limited to a review of Fifth District Court case number 140500466. We do not review any of Needham's other cases discussed in his response to the sua sponte motion. Needham is currently incarcerated at the Utah State Prison. On August 4, 2014, Needham filed a complaint for communication fraud, seeking relief and damages. The complaint named as defendants approximately forty individuals, businesses, state agencies, correctional institutions, and newspapers. On August

29, 2014, he filed the Amended Complaint, which is the operative pleading.[1] The Amended Complaint included a number of claims for monetary damages, but it also included claims regarding prison conditions. In a September 19, 2014 ruling, the district court advised Needham that the claims challenging the conditions of his confinement at the Utah State Prison could only be raised in a separate case filed under rule 65B(b) of the Utah Rules of Civil Procedure. Because rule 65B(b)(2) requires such a petition to be filed "in the district in which the petitioner is restrained or the respondent resides or in which the alleged restraint is occurring," and because the Utah State Prison is located in the Third Judicial District, the district court ruled that the issues related to conditions of confinement must be raised in a new petition filed in the Third District Court. Accordingly, the district court stated in the case before us on appeal that it would take no further action on claims related to the conditions of confinement that were inappropriately included in a complaint seeking civil damages.

¶3 After examining Needham's inmate account, the district court set an initial partial filing fee of $6.53, but stated that Needham remained obligated to pay the full filing fee of $360 for his civil suit. After the initial partial filing fee had been paid, the district court directed in an October 28, 2014 ruling that "the constable and sheriff shall serve a copy of the (first) Amended Complaint and any summonses for named defendants upon receipt from Plaintiff." Needham did not provide copies of the Amended Complaint or summonses for service on the named

---

1. On October 10, 2014, Needham filed a Second Amended Complaint without obtaining leave of the court or consent of the adverse parties. *See* Utah R. Civ P. 15(a). The district court correctly determined that the pleading was a nullity. On November 20, 2014, Needham again filed a purported amendment to his complaint in which he claimed only to assert jurisdiction under title 42 section 1983 of the United States Code.

defendants. On January 15, 2015, the district court issued an Order to Show Cause requiring Needham to show why the case should not be dismissed for failure to comply with rule 4 of the Utah Rules of Civil Procedure because he had failed to effect service "no later than 120 days after the filing of the complaint." In response, Needham asserted that (1) he had moved the district court for a decision on how to proceed for service of "a 1983 complaint"; (2) under rule 5(c) of the Utah Rules of Civil Procedure, the court could order that filing of a document constituted service of process; (3) because he had purportedly changed jurisdiction "to a 1983 complaint," he was not required to serve defendants through a sheriff; and (4) he had been unable to proceed because the district court failed to provide direction on service by publication. He requested an order authorizing service by publication and an extension of the time for service.

¶4 In the February 6, 2015 ruling dismissing the case for failure to accomplish service, the district court noted that in November 2014, Needham purported to amend the Amended Complaint "to modify the jurisdiction to a 1983 complaint." The district court concluded that because any amendment would relate back to the date of the original complaint's filing, it would not extend the time in which a summons could be issued and served. *See* Utah R. Civ. P. 15(c) (stating that "the amendment relates back to the date of the original pleading"). The district court correctly stated that rule 5(c) of the Utah Rules of Civil Procedure, which pertains to cross-claims and counterclaims in a pending action, "has nothing to do with the 120-day service period of rule 4, and does not allow a court to dispense with a plaintiff's obligation to serve each and every defendant." The district court found that Needham did not request an order allowing service by publication in case number 140500466 and that the district court had directed in its October 28, 2014 ruling that personal service was to be made on each of the defendants and the sheriff's obligation to effect service would arise only after Needham had supplied the summonses to the sheriff. The district court rejected the claim that Needham's failure to effect

service was excused because he was awaiting further direction from the district court. Furthermore, Needham had not shown excusable neglect for his failure to timely accomplish service on the named defendants and therefore was not entitled to an extension.

¶5 The majority of Needham's assertions in his response to our motion for summary disposition do not pertain to case number 140500466. Of twelve exhibits to the response, only exhibits 2, 4, 9, and 10 are from the court records in case number 140500466, so we consider only those exhibits. The Amended Complaint asserted civil damages claims against the named defendants. It was not belatedly amended to be a "1983 Complaint," and any claimed amendment would not alter the requirements for personal service under rule 4 of the Utah Rules of Civil Procedure and the district court's October 28, 2014 ruling. Nowhere does Needham claim that he made any effort to comply with the October 28, 2014 ruling by providing to the sheriff copies of the Amended Complaint and summonses for the named defendants. To the extent that Needham asserts claims related to conditions of his confinement at the Utah State Prison, the district court in this case correctly advised him that those claims were not appropriately included in his civil damages complaint and must have been asserted in a new petition under rule 65B of the Utah Rules of Civil Procedure filed in the Third District Court. We agree that Needham did not demonstrate excusable neglect that would entitle him to an extension of the time to effect service of process.

¶6 We affirm the February 6, 2015 ruling dismissing this case. Accordingly, we deny as moot Needham's request for a remand to the district court for further proceedings on his complaint and his motion for a change of venue to the Third District Court.

_____